# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Suriel and Damaris Espinal, : 
                Appellants : 
                 : 
                 : 
          v. :   No. 662 C.D. 2019
                 :   Submitted: May 12, 2020
Berks County Tax Claim Bureau : 
                 : 
          v. : 
                 : 
Saul E. Sibri : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON               FILED: June 19, 2020

Ricardo Suriel and Damaris Espinal (Appellants) appeal from a decision of the Berks County Court of Common Pleas (trial court) dismissing Objections and Exceptions (Objections) filed by Appellants in opposition to a judicial sale of real property at 314 South 6th Street, Reading, Pennsylvania 19602 (Property), by the Berks County Tax Claim Bureau (TCB) (Appellee). Appellants are previous title record holders of the Property and challenge the judicial sale of the Property due to lack of proper notice and lack of jurisdiction of the trial court. Appellants also challenge the purchase of the Property through judicial sale by Saul E. Sibri (Purchaser) and include Purchaser in this appeal. Discerning no error below, we affirm.

## I.    Background

Appellants maintain a primary residence at 2317 Loring Place North, Bronx, NY 10468.  Appellants' Br. at 6.  As former record title owners of the Property, Appellants utilized it from time to time to visit their daughter.  *Id.* Appellants were delinquent on tax payments for the Property for the 2016 tax year. *See id.*  Appellee brought action against Appellants to execute an upset tax sale for the Property on September 22, 2017.[1]  Appellants' Br. at 6.

The Property did not sell at the upset tax sale on September 22, 2017, and Appellee filed a Petition for Rule to Sell Property at Judicial Sale Free and Clear of All Liens and Encumbrances.  Appellee's Br. at 2.  The trial court held a Rule to Show Cause hearing on the matter on May 11, 2018, and entered an order directing all listed properties to be sold at Judicial Sale on June 15, 2018.  *Id.*  However, Appellee found that Appellants had not been properly served with the Rule to Show Cause and did not include the Property on the sale list for June 15, 2018.  *Id.*

Appellee filed a Motion to Schedule Continued Judicial Tax Sale on June 21, 2018, for a tax sale to be held on December 5, 2018.  *Id.*  The trial court held a Rule to Show Cause hearing on this motion on November 2, 2018.  *Id.*  At the hearing, the trial court directed Judicial Sale of the Property to occur on December

---

[1] Appellants do not challenge the notice provided by Appellee prior to the upset tax sale held on September 22, 2017.  The trial court opinion of July 29, 2019, states: "[Appellants] knew or should have known the Property was subject to a tax sale [in September 2017].  They received notice of the Rule to Show Cause, pursuant to Section 611 of the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.611, by certified mail, addressed to them, at the address they provided at closing on the Property.  This notice was accepted and signed for."  Appellants' Br. at App., p. 3.  Appellants raise the issue of notice only in regards to the order dated November 2, 2018.  Therefore, we address the issue of notice within the limited context of the November 2, 2018 order.  *See* Appellants' Br. at 6.

5, 2018. *Id.* The judicial sale was held on this date and the Property was sold for $14,500.00. Appellee's Br. at 3; Reproduced Record (R.R.) at 2a.

Appellants filed a Petition to Set Aside Judicial Sale on February 25, 2019, in which they alleged that the Property was improperly sold by Appellee because the trial court's November order directing Judicial Sale was not of record with, or properly docketed with, the Berks County Prothonotary. *Id.* The trial court dismissed the Petition to Set Aside Sale on April 30, 2019. R.R. at 44a. Appellants appealed to this Court.

## II.    Discussion

On appeal,[2] Appellants argue that the trial court erred in dismissing their Petition to Set Aside Sale because the trial court order dated November 2, 2018, which allowed for the Judicial Sale of the Property, was not entered onto the docket, rendering it ineffective. Appellants further assert that not entering an order of this type violates Pa. R.C.P. No. 236 and Section 612(a) of the RETSL, 72 P.S.

---

[2] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Montgomery County Tax Claim Bureau v. Queenan*, 108 A.3d 947 (Pa. Cmwlth. 2015).

§5860.612(a).[3,4] Additionally, Appellants argue that, due to insufficient docket entry, the trial court lacked *in rem* jurisdiction over the Property when it was sold on December 5, 2018.[5]

---

[3] Pa. R.C.P. No. 236 states:

> Rule 236 - Notice by Prothonotary of Entry of Order or Judgment (a) The prothonotary shall immediately give written notice of the entry of (1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment. (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents. (c) Failure to give the notice or when a judgment by confession is entered to mail the required documents, or both, shall not affect the lien of the judgment. (d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Pa. R.C.P. No. 236.

[4] Appellant specifically cites Section 612(a) of the RETSL, which states:

> Hearing and order for judicial sale[:] (a) If upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold at a subsequent day to be fixed by the court, freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents, to the highest bidder, and that the purchaser at such sale shall take and thereafter have an absolute title to the property sold free and clear of all tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents, separately taxed. Out of the proceeds of such sale shall be paid the costs set forth in the upset price at

## A. Pa. R.C.P. No. 236

Appellants argue that under Pa. R.C.P. No. 236, the Prothonotary for Berks County had an obligation to "give written notice of the entry" of the Order of the trial court dated November 2, 2018, which allowed the Property to be subject to judicial sale on December 5, 2018. Pa. R.C.P. No. 236(a). Appellants note that the docket did not reflect the Order until April 26, 2019, because, as handwritten on the Order, the "original order was lost after docketing" until "[a] copy [was] received from Att[orne]y D'Amore [Appellants' Counsel]." Appellants' Br. at Ex. A. Appellant asserts that while the Order is stamped as received by the Prothonotary on November 2, 2018, Appellants were unable to access this document and as a result, the Order was not final.

---

the prior sale, and the additional costs incurred relative to this sale, including the fee for title search. The court order may specify that no sale shall be made except to the county unless a bid equal to such costs is offered. The remainder of said proceeds shall be distributed by the office designated by the county commissioners under section 205. After the purchaser shall have paid over the purchase price, the bureau shall make and deliver a deed in the manner hereinbefore provided.

72 P.S. § 5860.612(a).

[5] This Court has not been provided with a copy of the Rule to Show Cause notice that was sent to Appellants prior to the November 2, 2018, Rule to Show Cause hearing. As a result, this Court is not aware of the contents of the notice, particularly whether it listed the impending sale date, December 5, 2018, for the Property. However, Appellants were given notice of the December 5, 2018, sale date for their Property as a result of the Order issued at the May 11, 2018, Rule to Show Cause hearing. The Honorable Madelyn S. Fudeman of the Berks County Court of Common Pleas provided a handwritten note on the May 11, 2018, Order, stating: "This Order shall pertain to each property on the attached list except the three (3) stricken properties for which the sale shall be continued to December 5, 2018." R.R. at 22a. The Property at issue in this appeal was one of the three stricken properties. Appellee's Br. at 2. As this Order was docketed with the trial court without apparent issue, the judicial sale date, December, 5, 2018, for Appellants' Property was on record.

Service for the judicial sale process is governed by the RETSL. Section 611 of the RETSL states:

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

72 P.S. §5860.611. Appellee contends that the guidelines for service as outlined above do not implicate the Prothonotary, instead requiring that Appellee provide service itself. Appellee's Br. at 9.

Appellee asks that this Court look to the Pennsylvania Rules of Civil Procedure in their entirety in determining the process due to Appellants. *Id.* "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect substantial rights of the parties." Pa. R.C.P. No. 126. Appellee argues that because notice of tax delinquency was duly provided to Appellants, their substantial rights have not been affected. Appellee's Br. at 10.

This Court has previously held that "generally, tax sales are presumed valid." *Barylak v. Montgomery County Tax Claim Bureau*, 74 A.3d 414, 416 (Pa. Cmwlth. 2013). Additionally, "the trial court is the finder of fact and has exclusive

6

authority to weigh the evidence, to make credibility determinations and draw reasonable inferences from the evidence presented." *In re Monroe County Tax Claim Bureau*, 91 A.3d 265, 269 n.6 (Pa. Cmwlth. 2014). In dismissing Appellants' Petition to Set Aside Sale on April 30, 2019, the trial court determined that the Judicial Sale on December 5, 2018, was valid. Implicit in this determination is the understanding that Appellants were served appropriately with the Order of Judicial Sale dated November 2, 2018. *See* Appellee's Br. at 8.

This Court cannot substitute the authority of the trial court to "make credibility determinations" or "draw reasonable inferences" with its own. *In re Monroe County Tax Claim Bureau*, 91 A.3d 265. While Appellants argue that a defect existed in the record because the trial court's Order of November 2, 2018, was lost in the docketing process, Appellants also acknowledge that Appellants' own counsel provided a copy of the Order to ameliorate this docketing problem. Appellants' Br. at Ex. A. In further support of this assertion, the November 2, 2018, Order includes an attachment with service addresses for parties and attorneys. R.R. at 38a. Appellants' address is listed as "c/o Frank D'Amore III, Esq., 627 N Fourth Street, P.O. Box 902, Reading, PA 19603-0902." *Id.* Therefore, service by the trial court on Appellants' attorney was documented as official service for Appellants. As the record shows that Appellants' attorney had access to the Order of November 2, 2018, it is this Court's belief that Appellants were properly served the Order of November 2, 2018. *See* R.R. at 38a; *See* Appellants' Br. at Ex. A.

This Court accepts that in dismissing the Petition to Set Aside Sale, which effectively upheld the Judicial Sale of December 5, 2018, the trial court found service on Appellants sufficient. As Appellants' counsel provided documentation to complete the docket, this action would not alert the trial court or this Court to a

7

lack of service to Appellants. Therefore, where the controlling statute, the RETSL, dictates that Appellee - not the Prothonotary - is the appropriate party to provide service and Appellants were understood to have evidence of service in their possession, the trial court did not err in dismissing Appellants' Petition to Set Aside Sale.

## B. Section 612 of the RETSL

Appellants also argue that - under Section 612 of the RETSL - at a Rule to Show Cause hearing for a Judicial Sale, the Court is required to enter an order decreeing that a property be sold.[6] Appellants assert that because such an order was not entered on the docket, the Property was impermissibly sold to Purchaser on December 5, 2018. Additionally, Appellants take issue with the fact that no Order determining that service of the Rule to Show Cause was entered onto the docket.

It is undisputed by this Court that a judicial sale must be decreed by court order prior to the holding of a judicial sale by a county tax claim bureau. *See* 72 P.S. §5860.612(a). However, in the present case, the record includes evidence indicating that such an order was produced by the trial court prior to sale. R.R. at 35a-36a. On November 2, 2018, Judge Fudeman of the Berks County Court of Common Pleas issued a Final Order decreeing that the Property would be subject to Judicial Sale on December 5, 2018.

On June 25, 2018, the trial court entered an Order scheduling a Rule to Show Cause hearing for November 2, 2018. Appellee's Br. at 7. In her July 29,

---

[6] Appellants refer specifically to Section 612(a) of the RETSL in their argument. The full text of this statutory provision was previously provided at note 4.

8

2019 opinion, Judge Fudeman states: "[Appellants] did not respond to the Rule to Show Cause after proper notice, so this court held a hearing on November 2, 2018, and being satisfied that service of the Rule was made, in accordance with the law, granted the Order directing the sale of the Property at the December 5, 2018 sale." Appellants' Br. at App. p. 3. The trial court found that Appellants received notice of the Rule to Show Cause at the address provided by Appellants to the taxing authorities. Additionally, the trial court concluded that the notice was accepted and signed for. Appellee's Br. at 7.

While Appellants argue that there was not an order illustrating that service for the Final Order subjecting the Property to Judicial Sale satisfied statutory requirements, this analysis is at the discretion of the trial court. *See In re Monroe County Tax Claim Bureau*, 91 A.3d 265. Section 612(a) of the RETSL states:

> If upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold at a subsequent day to be fixed by the court…

72 P.S. §5860.612(a). "The trial court is the finder of fact and has exclusive authority to weigh the evidence, to make credibility determinations and draw reasonable inferences from the evidence presented." *In re Monroe County Tax Claim Bureau*, 91 A.3d at 269 n.6. Because the trial court issued the November 2, 2018 Order decreeing Judicial Sale of the Property on December 5, 2018, the trial court determined that the service provided to Appellants was sufficient and executed in a manner that was consistent with Section 612 of the RETSL.

9

Appellants once again ask that this Court to substitute the judgment of the trial court as fact finder with its own. The record supports the fact that the trial court issued an Order decreeing that the Property would be subject to Judicial Sale. In order to deem the Property as appropriate for Judicial Sale, the trial court necessarily determined that service of the rule on Appellants was satisfied. Therefore, this Court does not hold that the trial court committed an error of law or abused its discretion in subjecting the Property to Judicial Sale in accordance with Section 612 of the RETSL.

## C. *In Rem* Jurisdiction

Appellants further argue that the trial court did not have jurisdiction over the Property at the time of its sale on December 5, 2018, because the Prothonotary did not comply with the requirements of Pa. R.C.P. No. 236 (*see* Section A above.) Appellants cite to Section 612(a) of the RETSL and argue that in tax sales, a court only has jurisdiction if the relevant provisions of the RETSL are met. In Appellants' view, the Prothonotary did not meet the requirement outlined in Section 612(a) of the RETSL and, as a result, the trial court did not have jurisdiction over the Judicial Sale.

In support of this argument, Appellants cite *Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive*, 104 A.3d 411 (Pa. 2014), which stated that *in rem* actions generally are instituted to determine the status of the property, and the rights of individuals with respect thereto. *In rem* jurisdiction is the court's power over property, and this power is enabled by statute. *Bouvier Law Dictionary In Rem Jurisdiction*, The Wolters Kluwer Bouvier Law Dictionary Desk Edition (2012). In the Commonwealth of Pennsylvania, courts are authorized by the

RETSL to order the judicial sale of properties due to tax delinquency. *See* 72 P.S. §5860.612.

Appellants argue that the trial court lacked jurisdiction over the Property because the November 2, 2018 Order decreeing the December 5, 2018, Judicial Sale was not properly entered on the docket in violation of Pa. R.C.P. No. 236. Appellants assert that the sale of the Property to Purchaser is invalid and should be set aside by this Court. However, as we determined above, Appellee did not violate Pa. R.C.P. No. 236 as it provided sufficient notice to Appellants of the Order of Judicial Sale. While the Appellants argued that because the "original order was lost after docketing", a copy was not made available until April 26, 2019, Appellants' attorney provided the court with a copy of the Order. Appellants' Br. at Ex. A. This indicates that Appellants had actual notice of the November 2, 2018, Order and the impending December 5, 2018, Judicial Sale.

In appropriately exercising its discretion, the trial court found that Appellants were aware of the Judicial Sale. *See In re Monroe County Tax Claim Bureau*, 91 A.3d 265. "Whether a taxpayer has actual notice of an upset tax sale of his or her property is a question of fact that will not be disturbed on appeal if supported by substantial evidence. *In re: Consolidated Reports*, 132 A.3d 637, 644 (Pa. Cmwlth. 2016). Therefore, this Court will not disturb the finding of the trial court that Appellants were on notice of the Judicial Sale.

As Appellants' argument that Appellee violated Pa. R.C.P. No. 236 failed, the assertion that the trial court lacked jurisdiction over the Property at the time of the Judicial Sale must also fail. This argument, in addition to Appellants' arguments alleging violations of Pa. R.C.P. No. 236 and Section 612 of the RETSL,

11

turn on the type of credibility determinations that can only be made by the trial court. The trial court did not commit errors of law or abuse its discretion in finding that Appellants received sufficient notice of the judicial sale of the Property. Discerning no error below, we affirm.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Suriel and Damaris Espinal,       :
                      Appellants    :
                                    :
               v.               :     No. 662 C.D. 2019
                                    :
Berks County Tax Claim Bureau     :
                                    :
               v.               :
                                    :
Saul E. Sibri                     :

## **O R D E R**

AND NOW, this 19th day of June 2020, we **AFFIRM** the decision of the Berks County Court of Common Pleas.

_____
J. ANDREW CROMPTON, Judge
